UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-cr-05221-DGE-1 |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE (DKT. NO. 69) |
| CHARLES RICHARD BURGESS, | |
| Defendant. | |

Defendant Charles Burgess has filed a renewed motion for compassionate release (Dkt. No. 69) approximately two years after the Court denied a prior motion for compassionate release (see Dkt. No. 66). For the reasons identified herein, the motion is DENIED.

## I.    BACKGROUND

Between the mid-1990s and 2021, Burgess sold investments in an unregistered investment vehicle referred to as the "pool." Burgess solicited and received approximately $13.6 million in investment funds from approximately 64 investors. Burgess often misrepresented the past success of the pool and submitted to the investors monthly and annual statements that misrepresented the success of the pool. Since at least 2013, Burgess concealed that he was unable to repay all of the principal he had raised from investors. By end of 2020, Defendant owed investors approximately $4.5 million in principal, but represented in year-end statements that the pool's collective value exceeded $10.3 million. Between January 2014 and June 2021,

ORDER ON DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE (DKT. NO. 69) - 1

Burgess transferred to his own personal account approximately $1.4 million.  32 investors lost a total of approximately $4.3 million in principal payments to Burgess.

On August 11, 2022, Burgess pleaded guilty to one charge of Mail Fraud in violation of 18 U.S.C. § 1341.  This crime carried a maximum penalty of 20 years in custody.  Based on the Sentencing Guidelines, Burgess's presumptive custody guideline range was 97 to 121 months.  On January 6, 2023, the Court sentenced Burgess to 75 months of custody.  Burgess began his custodial sentence in February of 2023.  Burgess's present motion identifies he "has been approved for transfer to home confinement on April 23, 2026."  (Dkt. No. 69 at 5.)

Burgess has a prior history of cardiac related health issues.  (*See* Dkt. No. 66 at 2–3 for the Court's summary of Burgess's health issues through February 2024.)  In the present motion, Burgess asserts he "has not seen a cardiologist for more than 16 months and his pacemaker has not been checked for more than 20 months."  (Dkt. No. 69 at 8.)  In response, the government provides medical records indicating that Burgess was seen by a cardiologist in October 2025.  (Dkt. No. 74 at 1.)  And the medical records Burgess provided identify that on October 17, 2025, Dr. Ron Sklash evaluated Burgess for a cardiac follow up.  (Dkt. No. 71 at 16.)  The medical notes from that encounter identify that an EKG (electrocardiogram) was performed and that it identified a "sinus rhythm without ischemic change," which the Court understands indicates no concerns.  (*Id*.)  Blood pressure was reported as 120/72.  (*Id*.)  Dr. Sklash recommended a follow-up review in six months.  (*Id*.)

Burgess also identifies that in the past year he has had bladder related issues.  (Dkt. No. 69 at 4.)  The medical records indicate Burgess was seen and treated for these issues in April of 2025.  (Dkt. 71 at 51–61.)  The records note that "an intraluminal bladder mass" was identified and that such mass "likely represents blood products."  (*Id*. at 52.)  Further monitoring was

ORDER ON DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE (DKT. NO. 69) - 2

recommended. (*Id.*) On June 10, 2025, Burgess declined further "procedures" with the urologist so that he could be considered for home confinement. (*Id.* at 8.) Burgess, however, asserts he was not aware of the bladder mass identified in April 2025. (*Id.*) The medical records also indicate that Burgess "refused his urology appointment" scheduled for September 15, 2025 (*id.* at 18) and Burgess appears to indicate he was unaware of the purpose for the scheduled procedure (*id.* at 8). Burgess again asserts he was not aware of the bladder mass at the time he cancelled the September 15, 2025 urology appointment. (*Id.*)

Burgess also identifies that he has been denied an opportunity to participate in the Bureau of Prisons' early release program via the Second Chance Act because of his ongoing health issues, although he is now scheduled for release to home detention on April 23, 2026. (Dkt. No. 69 at 4–5.)

Lastly, Burgess asserts he may be transferred or relocated to another facility because the Bureau of Prisons has announced that operations at his current facility will be suspended. (*Id.* at 5–6.) Burgess asserts he will be transferred to another facility no later than March 2026. (*Id.* at 6.) However, nothing in the record supports Burgess's belief that he will be transferred this month.

## II.    LEGAL STANDARD

A court may reduce a term of imprisonment (1) if a defendant has exhausted all administrative remedies with BOP; (2) if its finds "extraordinary and compelling reasons warrant such a reduction"; (3) if such reduction "is consistent with [the] applicable policy statements issued by the Sentencing Commission"; and (4) after considering the factors, to the extent applicable, set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

ORDER ON DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE (DKT. NO. 69) - 3

Regarding the Sentencing Commission's policy statements on early release, there are six categories that may justify "extraordinary and compelling reasons" warranting a reduction: medical circumstances, a defendant's age, family circumstances, victim of abuse, other reasons that are "similar in gravity" to the categories already identified, and an unusually long sentence. U.S. Sent'g Guidelines Manual § 1B1.13(b)(1) (U.S. Sent'g Comm'n 2025).

Burgess's motion focuses mainly on his health and the alleged lack of medical care/treatment. Having reviewed the medical records that identify the treatment Burgess has received in the past year, it appears Burgess has been receiving medical care. And based on what the Court can surmise from those records, there is no indication insufficient care has been provided. Accordingly, the Court does not find extraordinary and compelling reasons based on Burgess's health and medical care.

As for Burgess not being allowed to participate sooner in the Bureau of Prisons' early release program or his potential transfer to a different facility, the Court does not find such circumstances meet the extraordinary and compelling reasons standard. This is particularly true where Burgess is scheduled to be released to home detention on April 23, 2026.

## IV.    CONCLUSION

Accordingly, Burgess's motion for compassionate release (Dkt. No. 69) is DENIED.

Dated this 19th of March 2026.

David G. Estudillo
United States District Judge

ORDER ON DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE (DKT. NO. 69) - 4